UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KRYSTAL KOZEMKO, individually and on behalf
of all others similarly situated

                         Plaintiff,

        -against-

                      *Class Action*
                      *COMPLAINT*

GENERAL REVENUE CORPORATION,

                        Defendant.
---------------------------------------------------------------X

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, General Revenue Corporation, alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Chemung County, New York.
3. Upon information and belief, Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Cincinnati, Ohio.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and

transactions that give rise to this action occurred, in substantial part, in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the Plaintiff to New York State Higher Education Services Corporation.

7. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred and/or assigned to the Defendant for collection.

8. That, at a time better known to the Defendant, Defendant started their efforts to collect the alleged debt from Plaintiff.

### COUNT ONE

9. That, upon information and belief, Chris Couse, an employee of the Defendant, knowingly and deceptively added Plaintiff's work phone number, (607) 331-9021, to her information file used by the Defendant.

10. That, after receiving several calls at her place of work from the Defendant, the Plaintiff called the Defendant asking to stop calling her at the phone number (607) 331-9021 because it was her work cellular phone and she was not able to use that phone line for non-work related matters.

11. That during said phone call, the Defendant's agent replied that she would continue to receive phone calls on her work cellular phone and falsely stated that "it would take a while since a computer was randomly dialing her number."

12. That Defendant continued to call Plaintiff's work phone for at least a month after her request to cease calls.

13. That Defendant's conduct violated 15 U.S.C. §1692(a)(3) in that the Defendant called the Plaintiff at her place of work despite having notice that Plaintiff was not able to use the phone for such a purpose. The defendant's conduct also violated 15 U.S.C. §1692 (g)

and (c) in that the consumer's rights are not conveyed and that false and deceptive statements are made to the Plaintiff in an effort to coerce payment under duress.

## COUNT TWO

14. That on or about June 1, 2008, the Defendant's agent known as "Ryan" called the Plaintiff's home and advised Plaintiff's fiancé, Brad Baker, "I just wanted to let you know that Krystal is in default with her federal student loan and if she doesn't call me and take care of this *we will have to take her to court.*"

15. That Defendant's agent, Ryan, also told Mr. Baker that the Plaintiff "won't ever be able to get any loans or credit cards or anything."

16. That Defendant's agent, Ryan, called again, together with Chris Couse, and talked to Mr. Baker to try and pressure him into paying the debt for the Plaintiff.

17. That on or about July 31, 2008, because the Plaintiff feared the Defendant's threats and was embarrassed that a debt collector was revealing her situation with her fiancé, she called the Defendant in an attempt to settle the matter.

18. That during said telephone call, Defendant's agent, Ryan, harassed the Plaintiff asking why she pays rent when, "I see here that your *husband*, Brad, owned the home for some time!" (*emphasis added*).

19. That Defendant's agent engaged in deceptive tactics utilizing false information regarding the marital status of the Plaintiff to harass and compel payment by means of duress and coercion.

20. That Defendant's agent persisted by placing telephone calls to other friends and family members of the Plaintiff despite already having adequate contact information for the Plaintiff, in a further effort to harass the Plaintiff.

21. That Defendant's agent revealed to third parties that he was collecting a debt from the Plaintiff to maliciously scare and embarrass the Plaintiff for the purpose of collecting said debt.

22. That Defendant's conduct violated 15 U.S.C. §1692(c)(b) in that the Defendant, in connection with the collection of the alleged debt, communicated and discussed the Plaintiff's alleged debt with a third party. The Defendant's conduct also violated 15 U.S.C. §1692 (d), (e) and (f) in that the Defendant threatened legal action, harassed the Plaintiff, and used false and deceptive statements to the Plaintiff in an effort to coerce payment under duress.

## COUNT THREE

23. That, during the Plaintiff's telephone call to the Defendant on or about July 31, 2008, when discussing a possible payment plan, Defendant's agent "Ryan" told Plaintiff that she would need to pay $300.00 down and monthly payments of $180.00 for nine months thereafter in order to qualify for a "rehabilitation" program.

24. That Defendant promised to the Plaintiff as part of said "rehabilitation" program that after nine consecutive payments her debt could be sold to another lender, her credit report would no longer show the debt was in default, her monthly payments would be reduced, and that she would regain good credit standing.

25. That Plaintiff made nine consecutive payments to Defendant and complied with the terms of the "rehabilitation" program because, coupled with the pressure and prior harassment from the Defendant, she relied on the Defendant's promises and representations.

26. That, after making nine consecutive payments, the Defendant informed the Plaintiff that she could not reduce her payments and that the debt would not be coming off of her credit report.

27. That Plaintiff subsequently spoke with a "supervisor," who informed Plaintiff that they needed "updated references" in order to receive the benefits of participating in the "rehabilitation" plan and requested contact information for additional family and friends.

28. That upon information and belief, Defendant's "rehabilitation plan" is a deceptive device used to influence consumers to enter into payment arrangements when, in fact, no real

"rehabilitation" exists or is likely to take place.

29. That Plaintiff received a letter dated April 9, 2009 from the Defendant regarding the terms of the "rehabilitation" plan. A copy is attached hereto and made part hereof.

30. Said letter contains unfair and unconscionable terms, including an 18.5% "collection fee" which was not agreed to and not discussed between the Plaintiff and the Defendant.

31. That Defendant's conduct violated 15 U.S.C. §1692 et seq., including but not limited to subsections (d), (e), (f) and (g) in that communications to the Plaintiff by the Defendant are false, deceptive, unfair, threatening and done in furtherance of abusing the Plaintiff to coerce payment of a disputed and unlawfully inflated debt, under duress and harassment.

32. That as per 15 U.S.C. §1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff for statutory damages in an amount to be determined at the time of trial but not less than $1,000.00 per violation, plus actual damages to be determined at the time of trial and treble damages, costs and attorneys' fees.

## CLASS ALLEGATIONS

33. This cause of action is brought on behalf of Plaintiff and the members of a class.

34. The Class consists of consumers who were offered and participated in the same deceptive "rehabilitation program" as the Plaintiff, and did not receive any such "rehabilitation."

35. The Class consists of all persons whom Defendant's records reflect resided in the United States who were (a) offered by the Defendant an opportunity to participate in their "rehabilitation plan" which (b) promised to take the debt out of default after a series of consecutive payments, (c) said payments were completed but the default status of the debt continued, and (d) that the Defendant's conduct violated 15 U.S.C. §1692 et seq. including but not limited to § 1692(f) by employing unfair and unconscionable tactics in an attempt to collect a debt and 1692(e) by using false representations and deceptive means in an attempt to collect a debt.

36. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

(A) Based on the information and belief that Defendant's "rehabilitation plan" was offered to every alleged debtor the Defendant attempted to collect a debt from, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers who were offered and participated in the rehabilitation plan, (*i.e.,* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

37. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. §1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk

of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

38. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

39. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in an attempt to collect a debt;

(b) Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in an attempt to collect a debt;

(c) Defendant violated 15 U.S.C. § 1692e(5) by making false threats of legal action which are not intended to be taken or can not be legally taken;

(d) Defendant violated 15 U.S.C. § 1692g by contradicting Plaintiff's rights.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b) Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

Dated: New York, New York
June 3, 2009

By: Amir J. Goldstein (AG-2888)
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax
ajg@consumercounselgroup.com

Plaintiff requests trial by jury on all issues so triable.

Amir J. Goldstein (AG-2888)